# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROCKEFELLER PHOTOS, LLC,

Plaintiff,

v.

OBAID PARTNERS, INC d/b/a SAM'S FOODS SUPERMARKET,

Defendant.

Case No. 1:25-cv-01430-KES-EGC

**FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

(Doc. 15)

TWENTY-ONE (21) DAY DEADLINE

## I. INTRODUCTION

On August 19, 2026, Plaintiff Rockefeller Photos, LLC ("Plaintiff") filed a motion for default judgment (the "Motion") against Defendant Obaid Partners, Inc. d/b/a Sam's Foods Supermarket ("Defendant"). (Doc. 15). No opposition to the Motion was filed. The undersigned has reviewed the Motion and supporting documentation and determines that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g).[1] As such, the hearing on the motion set for September 30, 2026, will be vacated.

For the reasons set forth below, the undersigned will recommend that Plaintiff's motion for default judgment be granted.

## II. FACTUAL BACKGROUND

On October 28, 2025, Plaintiff filed a complaint against Defendant alleging claims of copyright infringement. (Doc. 1).

[1] This motion is referred to the undersigned by Local Rule 302(c)(19) for the entry of findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B).

Plaintiff's claims in the Complaint arise from twenty-one copyrighted professional photographs of food (the "Works") that Plaintiff alleges Defendant used for commercial advertising purposes. (Doc. 1 ¶¶ 12–20; *see also id.* at 1–23[2]). Plaintiff alleges they notified Defendant of the infringing conduct in writing upon Plaintiff's discovery of the infringement. (*Id.* ¶ 19). Plaintiff alleges that Defendant's infringing conduct was willful as Defendant "acted with actual knowledge or reckless disregard for whether its conduct infringed upon copyright" and that "Defendant clearly understands that professional photography such as [the Works at issue are] generally paid for and cannot simply be copied from the internet." (*Id.* ¶ 28). Plaintiff further alleges that

> Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Work from its website, webpage, social media, and/or printed media notwithstanding multiple communications sent to Defendant (via United States Postal Service, e-mail, and telephone) notifying it of the infringement and demanding that the Work be removed from Defendant's website, webpage, social media, and/or printed media.

(*Id.* ¶ 29).

Plaintiff alleges that they are entitled to actual damages based on a theory of "disgorg[ing] Defendant's profits from infringement of the Work" or"[a]lternatively . . . Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court." (*Id.* ¶¶ 31–32). Plaintiff further alleges they are entitled to costs and attorney's fees pursuant to 17 U.S.C. § 505 and a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law pursuant to 17 U.S.C. § 502. (*Id.* ¶¶ 33–34). The complaint demands as follows:

1. A declaration that Defendant has infringed the copyrights in the Work;
2. A declaration that such infringement is willful;
3. An award of actual damages and disgorgement of profits as the Court deems proper

[2] The undersigned recommends the Court take judicial notice of the copyrighted photographs attached to the Complaint. (Doc. 6 at 13–38). *See BMO Bank, N.A. v. K&M Transp. LLC*, No. 1:25-CV-01368-KES-SKO, 2026 WL 292583, at *1 (E.D. Cal. Feb. 4, 2026), *report and recommendation adopted*, No. 1:25-CV-01368 KES SKO, 2026 WL 792793 (E.D. Cal. Mar. 20, 2026) ("[t]he Court takes judicial notice of the [exhibit] because it is integral to the allegations presented in the Complaint and because neither party disputes its authenticity (quoting *United Specialty Ins. Co. v. Certain Underwriters at Lloyd's of London*, No. 18-CV-07504-SK, 2019 WL 7810813, at *2 (N.D. Cal. Mar. 19, 2019)); *Three Lakes Design v. Savala*, No. 217CV01757MCECKDPS, 2019 WL 1979918, at *1 (E.D. Cal. May 3, 2019), *report and recommendation adopted*, No. 217CV01757MCECKD, 2019 WL 3564051 (E.D. Cal. Aug. 6, 2019).

or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

4. And award of costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

5. An award of interest, including prejudgment interest, on the foregoing amounts;

6. A permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity;

(*Id.* at 9–10).

Defendant was served with the summons and complaint on October 28, 2025. (Doc. 3). The summons was returned executed on November 26, 2025. (Doc. 5). Defendant did not respond to the Complaint. (*See* Docket). Plaintiff requested that the Clerk of Court enter default against Defendant on December 30, 2025 and default was entered on January 5, 2026. (Docs. 6, 9). On August 19, 2026, Plaintiff filed a motion for default judgment against Defendant, which is currently pending before Court. (Doc. 15).

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The *Eitel* factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a

dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

**B. Analysis**

**1. The *Eitel* Factors Weigh in Favor of Granting a Default Judgment**

a. Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires a court to consider the possibility of prejudice to a plaintiff. *See Eitel*, 782 F.2d at 1471. The undersigned finds that if default judgment is not entered, Plaintiff will effectively be denied a remedy until Defendant participated and made an appearance in the litigation—which may not occur. Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor. *See Bmo Bank N.A. v. Bring Transp. Inc.*, No. 1:24-CV-00809-KES-EPG, 2025 WL 2611852, at *3 (E.D. Cal. Sept. 10, 2025) ("If default judgment is not entered, Plaintiff will effectively be denied relief, as it is apparent that Defendant will not defend this action and the Complaint alleges that Defendant is in default of the unpaid amounts owed to Plaintiff under the terms of the agreement and corresponding guaranty."), *report and recommendation adopted sub nom. BMO Bank N.A. v. Bring Transp. Inc.*, No. 1:24-CV-00809-KES-EPG, 2025 WL 3004099 (E.D. Cal. Oct. 27, 2025). Therefore, the undersigned finds that Plaintiff would be prejudiced if the Court were to deny its motion and this factor weighs in favor of default judgment.

b. Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The next *Eitel* factor includes an evaluation of the merits of the substantive claims pleaded in the complaint and the general sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also*

*DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991).

Plaintiff alleges ownership of a valid copyright. (Doc. 1 ¶¶ 22–23, Doc. 1-2). Plaintiff further alleges that Defendant copied elements of Plaintiff's original copyrighted works without permission, consent, or license from Plaintiff. (Doc. 1 ¶¶ 25–27; Doc. 1-1). Taking the allegations in the Complaint as true, the Court finds that Defendant infringed Plaintiff's valid copyrights in violation of 17 U.S.C. § 101, et seq., including 17 U.S.C. § 501. *See Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co.*, No. 5:18-CV-05561-EJD, 2020 WL 5847505, at *3 (N.D. Cal. Sept. 30, 2020); *Stross v. Redrhino Grp., Inc.*, No. 218CV08451RGKJEM, 2019 WL 1581393, at *2 (C.D. Cal. Feb. 15, 2019).

c. <u>The Sum of Money at Stake in the Action</u>

The fourth *Eitel* factor requires the court to consider the sum of money at stake. *See Eitel*, 782 F.2d at 1471. The undersigned acknowledges that "[d]efault judgment is disfavored when a large amount of money is involved or is unreasonable considering the defendant's actions." *See Moore v. Cisneros*, No. 1:12-CV-00188-LJO, 2012 WL 6523017, at *4 (E.D. Cal. Dec. 13, 2012). However, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Oomph Innovations LLC.*, 2020 WL 5847505, at *3 (quoting *Bd. of Trustees v. Core Concrete Const., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, No. C 11-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012)).

Here, Plaintiff seeks damages for statutory damages for willful infringement, as well as attorney's fees and costs for a total judgment of $632,974.00. (Doc. 15 at 29). Plaintiff calculated statutory damages by multiplying the number of protected photographs times $30,000, which is 20% of the maximum statutory damages amount that may be awarded for willful infringement. (*Id.* at 23–26). The undersigned finds that these measures of damages are reasonably and sufficiently

tailored to Defendant's misconduct. Thus, the undersigned finds that this factor weighs in favor of entering default judgment.

d. The Possibility of a Dispute Concerning the Material Facts

The fifth *Eitel* factor is whether there is a possibility of a dispute concerning the material facts. *See Eitel*, 782 F.2d at 1471–72. Regarding this factor, the undersigned finds that no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917–18, and Defendant has submitted nothing to contradict the well-pleaded allegations in the complaint. *See United Specialty Insurance Co. v. Saleh*, No. 1:16-cv-00632-DAD-MJS, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016) ("Inasmuch as default serves as an admission of Plaintiff's well-pled allegations of fact, it must be concluded that there is no dispute as to any material fact.") (internal citation omitted). Accordingly, the undersigned finds this factor favors entry of default judgment.

e. Whether Default Was Due to Excusable Neglect

The sixth *Eitel* factor requires a court to evaluate whether the default of Defendant was due to excusable neglect. *See Eitel*, 782 F.2d at 1472. Defendant failed to file responsive pleadings or oppose Plaintiff's motion for default judgment. Therefore, the undersigned has no evidence before it to demonstrate Defendant's failure to participate in the litigation is due to excusable neglect. *See Protective Life Ins. Co. v. Phillips*, No. CIV S-08-0035 JAM EFB, 2008 WL 4104284, at *3 (E.D. Cal. Aug. 26, 2008) (stating that a defendant's "failure to respond cannot be deemed 'excusable neglect'"). Thus, the undersigned finds that this factor also weighs in favor of granting default judgment.

f. Policy Favoring Decision on the Merits

The final *Eitel* factor requires a court to take into account the policy that default judgments are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "the policy favoring decisions on the merits does not weigh against entering default judgment where, as here, the Defendant's failure to appear has made a decision on the merits impossible at this juncture." *Arroyo v. J.S.T. LLC*, No. 1:18-CV-01682-DAD-SAB, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3, 2019), *report and recommendation*

*adopted*, 2020 WL 32322 (E.D. Cal. Jan. 2, 2020). Accordingly, the undersigned finds that the seventh *Eitel* factor does not preclude default judgment.

In sum, the undersigned finds that six of the *Eitel* factors weigh in favor of default judgment, while the seventh factor does not weigh in favor—but does not preclude or weigh against—default judgment. For these reasons, the undersigned recommends the Court grant in part Plaintiff's Motion for Default Judgment, (Doc. 15), to the extent Plaintiff requests that the Court enter default judgment against Defendant on Plaintiff's copyright claim.

**2. Terms of the Judgment and Proof of Relief**

The undersigned next turns to the damages requested by Plaintiff. "A plaintiff seeking default judgment 'must . . . prove all damages sought in the complaint.'" *HICA Educ. Loan Corp. v. Warne*, No. 11-CV-04287-LHK, 2012 WL 1156402, at *4 (N.D. Cal. Apr. 6, 2012). Plaintiff's complaint seeks the unpaid principal, interest, various fees (including attorney's fees) and costs. (Doc. 6 ¶¶ 44, 49; *see also* Doc. 14 at 9–11, 14).

Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The motion, mirroring the complaint, seeks injunctive relief, statutory damages, and reasonable fees and costs. (*See* Doc. 1 at 9–10; Doc. 15 at 29).

In determining the appropriate sum for a default judgment, a court may rely on the affidavits or documentary evidence submitted by a plaintiff or order an evidentiary hearing. *See* Fed. R. Civ. P. 55(b)(2); *Microsoft Corp. v. Nop*, 549 F.Supp.2d 1233, 1235 (E.D. Cal. 2008) ("Where damages are liquidated (*i.e.*, capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing." (citation omitted)).

Plaintiff seeks several forms of relief which will be addressed in turn.

**a.** <u>Injunction</u>

Courts have the power to grant injunctions preventing copyright infringement. 15 U.S.C. § 502. Permanent injunctions are routinely granted in cases where, like the instant case, a defendant has not appeared in the action at all. *See*, *e.g.*, *Three Lakes Design v. Savala*, No.

217CV01757MCECKDPS, 2019 WL 1979918, at *6 (E.D. Cal. May 3, 2019), *report and recommendation adopted*, No. 217CV01757MCECKD, 2019 WL 3564051 (E.D. Cal. Aug. 6, 2019).

To obtain a permanent injunction, a plaintiff "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, Plaintiff has shown that it suffered an irreparable injury for which remedies available at law are inadequate. Given Defendant's refusal to participate in this litigation, it appears likely that its infringement of the Work would continue absent an injunction. Furthermore, considering the balance of hardships between Plaintiff and Defendant, a permanent injunction is warranted, because defendant would suffer no cognizable hardship from merely being prevented from engaging in unlawful activity, whereas Plaintiff's copyrights would be further infringed if Defendant's conduct is not enjoined. Finally, the public interest would undoubtedly be served by the enforcement of federal copyright law.

The undersigned therefore finds that a permanent injunction is appropriate to prevent Defendant's continued infringement of the Works.

**b. Damages**

In a claim for copyright infringement, a plaintiff may elect to seek either actual or statutory damages. 17 U.S.C. § 504. The statute provides for statutory damages for all infringements of a given work of not less than $750.00 and not more than $30,000, as the court considers just. 17 U.S.C. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

In determining the amount of statutory damages, courts are guided by "the nature of the copyright, the circumstances of the infringement and the like, . . . but with the express qualification that in every case the assessment must be within the prescribed [maximum or minimum]." *Peer*

*Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952)). Courts in this district have previously looked to seven factors in evaluating whether a proposed award of statutory damages is just: (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant." *See*, *e.g.*, *Microsoft Corp.*, 549 F. Supp. 2d at 1237.

Plaintiff's request for $30,000 damages per copyrighted photograph used without authorization is arguably within the range awarded by California district courts in similar circumstances. *See Stross v. Redrhino Group, Inc.*, 2019 WL 1581393, *3 (C.D. Cal. 2019) (awarding statutory damages of $30,000 under 17 U.S.C. § 504(c) for defendant's unauthorized use of one copyrighted photograph "in multiple posts on his website" in a "blatant case of copyright infringement"); *Kilina America, Inc. v. R. & R Goldman Assoc., Inc.*, 2018 WL 6984818, *4 (C.D. Cal. 2018) (awarding $30,000 statutory damages where "[d]efendant has infringed on plaintiff's copyright and refuse[d] to litigate its infringement such that it would be possible to calculate actual damages").

Having considered the *Microsoft* factors, the undersigned finds the requested statutory award of $30,000 per infringed work, or $630,000, to be appropriate. The undersigned finds that that amount is sufficient to fairly compensate Plaintiff, as well as to deter Defendant and others from similar conduct, without being unduly punitive. *See Stross*, 2019 WL 1581393, at *3.[3]

**c.** Attorney's Fees

The Copyright Act permits the Court to award reasonable attorney's fees to a prevailing party. 17 U.S.C. § 505. A prevailing party is "[a] party in whose favor a judgment is rendered." *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (quotation omitted). The Court uses the "lodestar" method to calculate reasonable attorney's

---

[3] The complaint also seeks post-judgment interest pursuant to 28 U.S.C. § 1961(a). This is addressed in the recommendation below.

fees in copyright infringement cases. *Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 622–23 (9th Cir. 1993). The "lodestar" is calculated by multiplying the number of hours reasonably expended by the prevailing party by a reasonable hourly rate. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). When determining a reasonable hourly rate, the relevant community is the forum in which the district court sits. *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). It is Plaintiff's "burden of establishing entitlement to an award" of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). That is, Plaintiff "has the burden of producing satisfactory evidence, in addition to the affidavits of [Plaintiff's] counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonable comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Plaintiff seeks attorney's fees in the amount of $2,437.50 for work performed at the hourly rate of $325 per hour for attorney Lauren Hausman. (*See* Doc. 14 at 14; 15-2 ¶¶ 18, 20). In support of the fee request, Plaintiff submits the declaration of Attorney Hausman, who attests that she has four years of experience. (*See* Doc. 15-2). Hausman's declaration cites case law regarding reasonable attorney billing rates from certain larger metropolitan regions, including from Los Angeles, for the litigation of intellectual property cases. However, Plaintiff's submissions do not provide evidence supporting that the requested billing rates are reasonable as compared to the forum district (the Eastern District of California).

Since Plaintiff has not proffered a survey or other evidence of billing rates for prosecuting copyright infringement claims in the Eastern District, the Court is left to determine what rates are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.")

Recently, this Court determined that "[a]ttorneys with less than ten years' experience usually are awarded fees based on hourly rates between $200 and $400." *Sanchez v. Mohawk Indus., Inc.*, No. 1:20-CV-1510 JLT EPG, 2025 WL 2694749, at *40 (E.D. Cal. Sept. 20, 2025) (quoting *Terry*

*v. Wasatch Advantage Grp., LLC*, 2025 WL 406589, at *5 (E.D. Cal. Feb. 2, 2025)); *see also Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr., LLC*, 2024 WL 1312209, at *3 (E.D. Cal. Mar. 26, 2024) (reducing the requested hourly rates to $375 for associate attorneys). Accordingly, the undersigned finds the rate of $325 an hour reasonable.

Turning to the hours reasonably expended, the undersigned finds that the records provided by Plaintiff are adequately detailed and reflect the number of hours spent on this matter with corresponding descriptions of the work performed during those hours. (*See* Doc. 15-2 at 7). Further, the undersigned finds that the 7.5 hours reportedly billed to Plaintiff are reasonable. *Stokes*, 2024 WL 1461955, at *7. Accordingly, the undersigned recommends that Plaintiff be entitled to $2,437.50 for the time expended by Attorney Hausman (7.5 times $325).

**d. Litigation Expenses and Costs**

Under the Copyright Act, the court in its discretion may allow the recovery of full costs by or against any party. 17 U.S.C. § 505. Court filing and service of process fees are considered reasonable costs. *Strike 3 Holdings, LLC v. Poluk*, No. 2:20-cv-2146-TLN-CKD, 2021 WL 5321824, at *6 (E.D. Cal. Nov. 16, 2021) (finding recovery of $402 filing fee and $491.96 service of process costs to be reasonable). Here, Plaintiff seeks to recover his filing fee in the amount of $405.00 and $131.50 for service of process costs. (Doc. 15-2 at 6–7). The undersigned finds these costs reasonable and should be awarded.

## IV. RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, it is HEREBY ORDERED that the hearing on Plaintiff's motion for default judgment, (Doc. 15), set for September 30, 2026, is VACATED. Plaintiff is further ORDERED to mail a copy of these findings and recommendations Defendant at Defendant's last known address.

Further, the undersigned RECOMMENDS that:

1. Plaintiff's motion for default judgment, (Doc. 15), be GRANTED, in the terms outlined in this order;
2. Judgment be ENTERED in Plaintiff's favor and against Defendant;
3. Plaintiff be AWARDED statutory damages in the amount of $630,000, with any

post-judgment interest accruing after the entry of judgment in accordance with federal law.

4. Defendant be permanently ENJOINED from further unauthorized infringement of the twenty-one copyrighted images at issue;

5. The Court AWARD attorney's fees to Plaintiff in the amount of $2,437.50; and

6. The Court AWARD costs to Plaintiff in the amount of $536.50.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-one (21) days of service** of these findings and recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 4, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE